UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:08CV194-J

ANGELA DENNIS                                                                                           PLAINTIFF

v.

MICHAEL J. ASTRUE,
Commissioner of Social Security                                                                 DEFENDANT

## MEMORANDUM OPINION AND ORDER

Before the Court are Defendant Commissioner's objections to the Magistrate Judge's Report and Recommendation that this case be remanded for calculation and payment of disability insurance benefits. The Plaintiff has filed a response, and the matter is ripe for adjudication.

Magistrate Judge King prepared a Report and Recommendation in which he recommends remand for calculation and payment of DIB benefits. Therein, the Magistrate discusses the claimant's contention that the ALJ failed to properly determine her disability onset date. The claimant alleges that she became disabled on September 15, 1998, the date on which she quit work at Western Baptist Hospital under threat of termination for excessive absenteeism. The report reviews Social Security Ruling 83-20 and its application to cases such as the plaintiff's, where her disability was of nontraumatic origin, and determines that the claimant's alleged onset date of September 15, 1998 is consistent with all available evidence, and the ALJ erred in finding that she was not disabled prior to her date last insured of December 31, 2001.

In support of the September 15, 1998 onset date, the record includes claimant's testimony that she was missing six to seven days per month of work during the four or five months prior to that date. She testified that prior to December 31, 2001, she required extensive help in maintaining her household and caring for her three young children, noting that her husband, family, and friends

helped with these tasks. The record contains two corroborating letters from friends indicating that they both have helped claimant with her children and household chores since 2000 or 2001.

The Commissioner has filed objections to the Magistrate Judge's Report, arguing that the precise onset date is irrelevant; the only issue before the Court is whether Plaintiff established disability under the standards of the Act at some point on or before December 31, 2001 (claimant's date last insured). Secondly, the Commissioner urges that the Magistrate Judge essentially turned the burden of proof in its head; that is, in the absence of medical evidence to the contrary, a claimant's allegations (and lay witness testimony) should be accepted as true because the allegations are consistent with all "available" evidence.

The Court has carefully reviewed the evidence of record in this case, along with the Report and Recommendation and accompanying objections thereto. In this case, the claimant has suffered from diffuse body pain accompanied by inexplicably high liver enzymes. Her mental impairments are clearly interwoven with the physical pain she experiences. Unlike many claimants, she has had the means to seek treatment from numerous specialists, none of whom seem to have definitive answers or labels for her condition. Despite an inability to categorize or label claimant's condition, it is noteworthy that none of the medical opinions contained in the record indicate suspected malingering.

In the first Decision, the ALJ finds severe impairments of fibromyalgia versus a collagen vascular disorder and early onset symptoms of depression. In the second decision, she finds no severe physical impairments whatsoever. With regard to the mental impairments, the ALJ was faced with accepting either the opinion of medical advisor Wagner who found claimant met Listing 12.07 as of July 2003, or the opinion of medical advisor Weiss who found the claimant met Listing 12.04

as of December 2001. In light of the conflicting psychological expert opinions, the Court concurs with the Magistrate Judge's analysis that Dr. Wagner's testimony is not a persuasive basis for the ALJ's finding no disability prior to December 31, 2001. Dr. Weiss testified that the plaintiff's mental condition equaled the listing as of December 31, 2001, and this constitutes substantial evidence of disability prior to the date last insured.

In sum, the Court has conducted a de novo review of the Magistrate Judge's Report and Recommendation in light of the objections thereto and the record as a whole. The Magistrate Judge's report is hereby adopted, and its findings and conclusions are incorporated by reference herein. Accordingly,

IT IS ORDERED:

1) The Magistrate Judge's Report and Recommendation is ADOPTED; and

2) This matter is remanded to the Commissioner for calculation and payment of past-due Title II benefits based upon the plaintiff's application for benefits filed in July of 2003, and her alleged onset of disability in September of 1998.